[Cite as *Prime Equip. Group, Inc. v. Schmidt*, 2015-Ohio-3683.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Prime Equipment Group, Inc., | : | |
| Plaintiff-Appellee, | : | No. 15AP-584 |
| | | (C.P.C. No. 13CV-9703) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Jack G. Schmidt, Jr., | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 10, 2015

*Onda, LaBuhn, Rankin & Boggs Co., LPA, Timothy S. Rankin* and *Derek L. Graham*, for appellee.

*The Anelli Law Firm, LLC*, and *Dianna M. Anelli*, for appellant.

ON MOTION TO DISMSS

KLATT, J.

{¶ 1} Plaintiff-appellee, Prime Equipment Group, Inc., has filed a motion to dismiss this appeal arguing that defendant-appellant, Jack G. Schmidt, Jr., has failed to comply with the requirements of R.C. 2323.52. For the reasons that follow, we deny appellee's motion.

{¶ 2} By a decision and entry filed on May 15, 2015, the trial court declared appellant to be a vexatious litigator pursuant to R.C. 2323.52. On June 12, 2015, appellant filed a notice of appeal from the May 15, 2015 judgment with the clerk of the trial court. On June 15, 2015, the clerk of this court docketed the notice of appeal and created an appellate case number. Later that same day, appellant filed a motion for leave to appeal as a vexatious litigator. Therefore, appellant filed both his notice of appeal and

motion for leave to appeal as a vexatious litigator within 30 days of the May 15, 2015 judgment. On June 19, 2015, this court granted appellant's motion for leave.

{¶ 3} Appellee has moved to dismiss appellant's appeal arguing that because appellant filed his notice of appeal prior to filing his motion for leave to proceed as a vexatious litigator this court lacks jurisdiction and the appeal must be dismissed. Specifically, appellee argues that Supreme Court of Ohio's decision in *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, requires an appellant who has been declared a vexatious litigator, pursuant to R.C. 2323.52, to a file motion for leave to appeal prior to filing a notice of appeal, and that failure to do so requires the appeal be dismissed.

{¶ 4} R.C. 2323.52(F)(2) provides as follows:

> A person who [has been declared a vexatious litigator] pursuant to division (D)(1) of this section and who seeks to institute or continue any legal proceedings in a court of appeals or to make an application, other than an application for leave to proceed under division (F)(2) of this section, in any legal proceedings in a court of appeals shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending. * * * If a person who has been found to be a vexatious litigator under this section requests the court of appeals to grant the person leave to proceed as described in division (F)(2) of this section, the period of time commencing with the filing with the court of an application for the issuance of an order granting leave to proceed and ending with the issuance of an order of that nature shall not be computed as a part of an applicable period of limitations within which the legal proceedings or application involved generally must be instituted or made.

{¶ 5} In *Sapp,* the Supreme Court addressed the meaning of this provision in the context of an action for a writ of prohibition brought by two appellees who sought to prevent this court from exercising jurisdiction over an appeal filed by a vexatious litigator. The appeal which gave rise to *Sapp* was taken from a judgment initially declaring the appellant to be a vexatious litigator. The appellant filed a timely notice of appeal without filing a motion for leave to proceed and the appellees filed a motion to dismiss. After the appellees filed their motion to dismiss, and well outside the time for filing a notice of

appeal, the appellant filed a motion for leave to proceed. Holding that an appellant appealing from an initial vexatious litigator declaration was not required to obtain leave to appeal, this court denied the appellees' motion to dismiss and granted the appellant's motion for leave to proceed. *Berman v. Liu*, 10th Dist. No. 07AP-996 (Feb. 12, 2008) (memorandum decision). In response, the appellees sought a writ of prohibition in the Supreme Court.

{¶ 6} The Supreme Court granted the requested writ of prohibition holding that a vexatious litigator is required to file a motion for leave to appeal even when appealing from an initial vexatious litigator declaration and that such motion must be filed within the time for filing a notice of appeal. *Sapp* at ¶ 21-27. In the present case, appellant has satisfied this holding by filing a motion for leave within the time for filing a notice of appeal.

{¶ 7} Appellee, however, reads *Sapp* for the proposition that an appellant who has been declared a vexatious litigator must file a motion for leave to appeal prior to filing a notice of appeal, and that failure to do so requires the appeal be dismissed. We acknowledge that there is some language in *Sapp* that appears to support appellee's argument. However, *Sapp* must be read in its factual context. As previously noted, the appellant in *Sapp* failed to file his motion for leave to appeal before the time to appeal had expired. Consequently, the court was not required to reach the issue of whether dismissal is required where an appellant files his motion for leave after filing his notice of appeal, but within the time for filing an appeal. Further, the *Sapp* court notes at least three times that this court was required to dismiss the appeal because "by the time that the [appellant] sought leave to institute his appeal, the 30-day time limit for him to appeal * * * had expired." *Id.* at ¶ 25-31. We believe this language strongly suggests that had the appellant in *Sapp* filed his motion for leave before his time to appeal had expired, the court would have allowed the appeal to proceed.

{¶ 8} Further, and perhaps most importantly, appellee's reading of *Sapp* would bring R.C. 2323.52 and the Ohio Rules of Appellate Procedure into conflict. Appellee's reading of *Sapp* would require an appellant to file a motion for leave to appeal as a vexatious litigator with the court of appeals, prior to filing a notice of appeal with the trial court, a procedure that is not possible under the Ohio Rules of Appellate Procedure.

App.R. 3(A) provides that an appeal is instituted by the filing of a notice of appeal with the clerk of the trial court.  Prior to the filing of a notice of appeal with the trial court, and the subsequent docketing of that notice with the clerk of the court of appeals, nothing may be filed in the court of appeals, because no appellate case exists.  Yet, R.C. 2323.52(F)(2) requires a motion for leave to appeal as a vexatious litigator to be filed with the court of appeals.  To resolve this conflict, we conclude that appellant was not required to file his motion for leave to appeal prior to filing his notice of appeal.  Because appellant filed his motion for leave to appeal within the 30-day period for filing his appeal and, in fact, on the day the appellate case opened, we deny appellee's motion to dismiss.

*Motion to dismiss denied.*

BROWN, P.J., and TYACK, J., concur.

_____