[Cite as *RRL Holding Co. Ohio, L.L.C. v. Stewart*, 2021-Ohio-3989.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RRL Holding Company of Ohio, LLC, et al., | : | |
| | : | |
| Plaintiffs-Appellees, | : | No. 20AP-493 |
| v. | | (C.P.C. No. 15CV-1842) |
| | : | |
| Merrilee Stewart et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellants. | : | |
| | : | |

D E C I S I O N

Rendered on November 9, 2021

**On brief:** *Shumaker, Loop & Kendrick, LLP*, *Matthew T. Kemp*, and *James R. Carnes*, for appellees, Firefly Agency, LLC f.k.a. IHT Insurance Agency Group and successor-by-merger to RRL Holding Company Ohio, LLC.

**On brief:** *Brenner Hubble* and *Todd A. Brenner*, for appellants, Merilee Stewart and TRG United Insurance, LLC.

APPEAL from the Franklin County Court of Common Pleas.

MENTEL, J.

{¶ 1} Defendants-appellants, Merrilee Stewart and TRG United Insurance, LLC ("TRG"), appeal from the final judgment entry dated August 26, 2020 setting forth the priority for payments to be made by plaintiff-appellee, Firefly Agency, LLC ("Firefly") f.k.a. IHT Insurance Agency Group ("IHT") and successor-by-merger to RRL Holding Company Ohio, LLC ("RRL").[1] As appellant Stewart has failed to seek leave before filing this appeal

---

[1] In December 2018, Firefly merged and is the successor to RRL. Similarly, IHT is also now known as Firefly. For the purposes of this appeal, we will refer to each entity by its name as it was known during the period in dispute.

as required under R.C. 2323.52(D)(3), we must dismiss her appeal in this case.  We also dismiss the appeal from TRG for lack of standing.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}    The facts and procedural history of this case are extensive.  As the ultimate resolution of this appeal is based on procedural grounds, we will be brief.

{¶ 3}    The dispute arose out of a conflict among members of a limited liability company, RRL.  RRL was a holding company and sole owner of IHT.  On March 2, 2015, RRL and IHT filed a complaint and preliminary injunction against Stewart, a former member of RRL and former president of IHT, in the Franklin County Court of Common Pleas seeking to enjoin Stewart and TRG, a new company formed by Stewart, from presenting themselves as affiliated with RRL or IHT.   An amended complaint was filed on May 4, 2015.  On May 18, 2015, Stewart filed an answer and eight counterclaims.  TRG also filed an answer but did not assert any counterclaims in the case.  On May 28, 2015, the parties filed an agreed entry resolving the outstanding motion for a preliminary injunction.  The case was stayed and ordered to arbitration on November 10, 2015.  On December 11, 2017, the arbitration panel found that Stewart was lawfully removed from her post at RRL, and the removal was consistent with the parties' governing documents.  On December 18, 2017, RRL and IHT filed a motion to confirm arbitration award.  On January 1, 2018, Stewart filed to vacate the arbitration award.  The trial court confirmed the arbitration award on February 5, 2018, which Stewart appealed.  On September 28, 2018, this court affirmed the trial court's order.  *See RRL Holding Co. of Ohio, LLC v. Stewart*, 10th Dist. No. 18AP-118, 2018-Ohio-3956.  The Supreme Court of Ohio declined to accept jurisdiction on appeal.

{¶ 4}    Throughout the case, Stewart has repeatedly refused to comply with the trial court's judgment affirming the arbitration award resulting in sanctions.  After multiple hearings and filings on this matter, the Franklin County Court of Common Pleas ultimately declared Stewart a vexatious litigator pursuant to R.C. 2323.52 on December 20, 2019.  *See RRL Holding Co. of Ohio, LLC v. Stewart*, Franklin C.P. No. 18CV-7212 (Dec. 20, 2019 Entry).  This court has since dismissed two pro se appeals by Stewart arising out of this case.  *See Stewart v. RRL Holding Co. Ohio, LLC*, 10th Dist. No. 19AP-674 (Jan. 21, 2020 Entry) (finding Stewart had not complied with the requirements of R.C. 2323.52 by failing

to first seek leave to proceed); *Stewart v. RRL Holding Co. Ohio, LLC*, 10th Dist. No. 20AP-44 (Jan. 23, 2020 Entry) (finding Stewart had failed to establish reasonable grounds to allow the appeal to proceed).

{¶ 5} On February 5, 2018, the trial court ordered Stewart to sign the closing documents in accordance with the final arbitration award. On March 13, 2020, after two additional hearings on January 8 and February 28, 2020, the magistrate recommended sanctions and that the closing documents be deemed signed pursuant to Civ.R. 70. On June 26, 2020, the trial court adopted the magistrate's recommendation as to the sanctions and Civ.R. 70 decision. On August 26, 2020, the trial court issued a final judgment entry setting forth the priority for payments to be made by Firefly to Stewart.

{¶ 6} On October 26, 2020, appellants, through counsel, filed a notice of appeal of the trial court's final judgment entry dated August 26, 2020. On October 29, 2020, Firefly filed a motion to dismiss the appeal for failure to comply with R.C. 2323.52(D)(3) and for lack of standing. Appellants filed a memorandum contra on November 30, 2020. A reply brief was filed on December 7, 2020.

## II.  ASSIGNMENTS OF ERROR

{¶ 7} Appellants assign the following as trial court error:

> [1.] The trial court failed to consider the claims and defenses of TRG.
>
> [2.] The trial court lacked jurisdiction to consider many of the substantive issues it adjudicated in the June 26, 2020 and August 26, 2020 Entries.
>
> [3.] The trial court failed to consider critical claims and defenses of Ms. Stewart in the June 26, 2020 and August 26, 2020 Entries.
>
> [4.] The trial court committed reversible error by refusing to conduct hearings as ordered by the Tenth District Court of Appeals.
>
> [5.] The trial court committed reversible error by ruling, pursuant to Civ.R. 70, that Ms. Stewart was deemed to have executed the purported closing documents.

## III.  LEGAL ANALYSIS

### A.  Merrilee Stewart

{¶ 8}   We must first address appellees' outstanding motion to dismiss.  Appellees argue that Stewart's appeal should be dismissed for failing to seek leave to proceed in violation of R.C. 2323.52(D)(3).

{¶ 9}   A "vexatious litigator" is defined as "any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions." R.C. 2323.52(A)(3). Pursuant to R.C. 2323.52(D)(3), a person deemed to be a vexatious litigator "may not institute legal proceedings in a court of appeals, continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator or another person in a court of appeals without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section." When a person found to be a vexatious litigator has instituted a legal proceeding without obtaining leave to proceed from the appropriate court of common pleas or court of appeals under R.C. 2323.52(F), the court shall dismiss the proceedings or application of the vexatious litigator.  R.C. 2323.52(I).

{¶ 10} Stewart does not dispute that she has failed to comply with R.C. 2323.52(D)(3), but argues that, because she is represented by counsel, the statute is inapplicable.  We disagree.

{¶ 11} The plain language of R.C. 2323.52 makes clear that a vexatious litigator must first seek leave of the court before bringing a new legal proceeding.  The statute provides no language that carves out an exception if the vexatious litigator has obtained counsel.  The United States District Court for the Northern District of Ohio reached a similar conclusion writing: "O.R.C. §2323.52 does not limit its applicability solely to actions taken *pro se*. Indeed, any party, represented by an attorney, takes actions in a proceeding *through* the attorney." (Emphasis sic.) *De Leon Lomaz v. Ohio DOC Div. of State Fire Marshal*, 2005

U.S. Dist. LEXIS 63928, *8 (N.D.Ohio 2005). Accordingly, R.C. 2323.52 not only applies to a vexatious litigator representing themselves pro se, but to a vexatious litigator represented by counsel.

{¶ 12} Stewart relies on *Sailing v. Pavarini*, 8th Dist. No. 89150, 2007-Ohio-6844, for the proposition that a vexatious litigator does not need to seek leave if he/she has retained counsel. A brief review is instructive.

{¶ 13} In *Sailing*, the appellants were deemed vexatious litigators under R.C. 2323.52(A)(2)(c). In the trial court's entry classifying the appellants as vexatious litigators, the appellants were prohibited from "instituting and/or maintaining legal proceedings in a pro se capacity in a court of common pleas, municipal court, or county court without first obtaining the leave of court to proceed." *Id.* at ¶ 3. The appellants, represented by counsel, filed a notice of appeal without first seeking leave of the court. The appellee argued that the appellants' failure to first seek leave of the court reduced the notice of appeal to a nullity. The appellants argued that they did not need to seek leave as they were represented by counsel in the appeal. The Eighth District Court of Appeals allowed appellants' appeal to proceed reasoning that as "[a]n attorney filed the notice of appeal and currently represents the [appellants] in this appeal, so they are not 'pro se' and not in violation of the court's order prohibiting them from 'instituting and/or maintaining legal proceedings in a pro se capacity.' " *Sailing* at ¶ 4. The *Sailing* court continued noting that R.C. 2323.52 places no express restriction on the court's ability to qualify a vexatious litigator designation solely to pro se filings.

{¶ 14} We are not persuaded by the analysis in *Sailing* as the facts are distinct from the instant case. Most notably, the trial court's entry in *Sailing* expressly restricted appellants' vexatious litigator designation to cases that they brought pro se. Here, the trial court's December 20, 2019 entry makes no such restriction.

{¶ 15} Stewart also argues that R.C. 2323.52 is unconstitutional as it deprives litigants of due process rights under the Ohio Constitution. This argument is without merit. The Supreme Court considered this same argument in *Mayer v. Bristow*, 91 Ohio St.3d 3, 4 (2000), finding that "R.C. 2323.52 is not arbitrary or unreasonable, nor does it deny vexatious litigators their constitutional right of access to the courts. Accordingly, we hold that R.C. 2323.52 is constitutional in its entirety under Section 16, Article I of the Ohio

Constitution." *See also Hall v. Callahan*, 2013 U.S. App. LEXIS 14520 (6th Cir.2000) (concluding that R.C. 2323.52 is constitutional in its entirety). Accordingly, Stewart's appeal is dismissed for failing to first seek leave to proceed in violation of R.C. 2323.52(D)(3).

{¶ 16} Going forward, this court must also look at whether the time for commencing this appeal has tolled. App.R. 4 governs the period for filing a notice of appeal. "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R.(A)(1). As set forth in R.C. 2323.52(F)(2), the period for filing a notice of appeal under App.R. 4(A) tolls when "the period of time commencing with the filing with the court of an application for the issuance of an order granting leave to proceed and ending with the issuance of an order." If the vexatious litigator files for leave after the expiration of the 30-day period, the appellate court lacks jurisdiction over the appeal. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, ¶ 16-25; *Prime Equip. Group, Inc. v. Schmidt*, 10th Dist. No. 15AP-584, 2015-Ohio-3683, ¶ 6-8 (finding a vexatious litigator must file an application for leave before the expiration of the 30-day period under App.R. 4(A)).

{¶ 17} In the instant case, appellant filed her notice of appeal within the 30-day period for filing under App.R. 4(A) but failed to first seek leave to file under R.C. 2323.52(D)(3). Because the 30-day period has now expired, this court lacks jurisdiction over the appeal. App.R. 4(A); R.C. 2323.52(I).

**B. TRG United Insurance, LLC**

{¶ 18} Appellee also moves to dismiss the appeal of TRG for lack of standing to challenge the August 26, 2020 entry.

{¶ 19} A party has standing to appeal if: "(1) he has a present interest in the subject matter of the litigation and (2) he has been prejudiced by the judgment of the trial court." *Thomas v. Wright State Univ. School of Med.*, 10th Dist. No. 12AP-839, 2013-Ohio-3338, ¶ 12, citing *Willoughby Hills v. C. C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26 (1992); *Chase Bank USA, N.A. v. Jacobs*, 10th Dist. No. 11AP-343, 2012-Ohio-64, ¶ 7. A party's interest in the case must be immediate and pecuniary and not a general consequence of the final judgment. *Thomas* at ¶ 12, citing *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of*

*Zoning Appeals*, 91 Ohio St.3d 174, 177 (2001).  In order to demonstrate prejudice, the appellant must show that the trial court's error injuriously affected them.  *Ohio Contract Carriers Assn., Inc. v. Pub. Utilities Comm.*, 140 Ohio St. 160, 161 (1942).

{¶ 20}  In the case sub judice, the August 26, 2020 final judgment entry addresses the priority for payments under the buy-sell agreement and arbitration ruling as described in the trial court's June 26, 2020 entry.  Of the relief ordered, the trial court imposed fines, penalties, and attorney fees against Stewart not TRG.  "An appeal lies only on behalf of a party aggrieved by the final order appealed from.  Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant." (Internal citations omitted.)  *State ex rel. Winfree v. McDonald*, 147 Ohio St.3d 428, 2016-Ohio-8098, ¶ 8.  As TRG is not a party aggrieved by the final order it has no standing to proceed with this appeal.

{¶ 21}  Appellants concede that the August 26, 2020 entry does not implicate TRG directly but contends that it has standing to proceed on a number of grounds, none of which are persuasive.  First, TRG argues that the trial court failed to address unresolved issues involved in a May 28, 2015 agreed entry contending, "TRG continues to be bound by this agreement, which by its very existence is destructive to its business."  (Nov. 30, 2015 Appellants' Memo. in Opp. at 11.)  This court is puzzled by TRG's position that the agreed entry is "destructive to its business interest" when TRG, in fact, agreed to the terms of the entry.  Regardless, after careful review of the record, TRG has not sought any type of relief or clarification with the trial court as to issues encompassed in the May 28, 2015 agreed entry. "In general, issues not raised before the trial court are waived on appeal, and appellate courts need not consider errors that the complaining party could have brought to the attention of the trial court at the time the error could have been corrected." *State ex rel. Yost v. Summer Rays, Inc.*, 10th Dist. No. 18AP-929, 2019-Ohio-3907, ¶ 20, citing *Parker v. Elsass*, 10th Dist. No. 01AP-1306, 2002-Ohio-3340, ¶ 14, citing *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81 (1997).  Therefore, even if TRG had standing to appeal the August 26, 2020 entry, it has waived this argument, for the purposes of this appeal, by failing to first bring the alleged error to the trial court.  Next, TRG argues that the August 26, 2020 entry fails to resolve the counterclaims asserted by TRG.  This

argument is also without merit as the record indicates that it was Stewart, not TRG, that filed multiple counterclaims in this case.

{¶ 22}  Accordingly, appellees' motion to dismiss is granted.

**IV.  CONCLUSION**

{¶ 23}  Based on the foregoing, appellees' motion to dismiss is granted.  Appellants' appeal is dismissed.

*Motion to dismiss granted; appeal dismissed.*

DORRIAN, P.J., and BEATTY BLUNT, J., concur.

_____