[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Huber Hts. Veterans Club, Inc. v. Skelton*, Slip Opinion No. 2023-Ohio-485.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-485

THE STATE EX REL. HUBER HEIGHTS VETERANS CLUB, INC., APPELLANT, *v.* SKELTON, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Huber Hts. Veterans Club, Inc. v. Skelton*, Slip Opinion No. 2023-Ohio-485.]

*Vexatious litigators—R.C. 2323.52—Court of appeals was required to dismiss appellant's mandamus complaint under R.C. 2323.52(D)(3) because appellant had failed to obtain leave to proceed under R.C. 2323.52(F)(2) before filing complaint—Court of appeals' judgment affirmed.*

(No. 2022-0677—Submitted January 10, 2023—Decided February 22, 2023.)

APPEAL from the Court of Appeals for Montgomery County, No. 29476.

_____

**Per Curiam.**

{¶ 1} Appellant, Huber Heights Veterans Club, Inc. ("HHVC"), filed an original action in the Second District Court of Appeals seeking to challenge the validity of a common pleas court's determination that HHVC is a vexatious litigator.

The court of appeals dismissed the complaint after construing HHVC's response to a show-cause order as a belated application for leave to proceed under R.C. 2323.52(D)(3) and (F)(2) and determining that there were not reasonable grounds to grant leave. HHVC has appealed to this court. We affirm.

**The record on appeal**

{¶ 2} Shortly after filing this appeal, HHVC filed a motion to supplement the record with the "pleadings and docket and journal entries" from the underlying common- pleas-court case. HHVC argued that those items "constitute evidence to be considered in the matters of mandamus and prohibition and should be included in the record in this matter." We denied HHVC's motion. 167 Ohio St.3d 1448, 2022-Ohio-2289, 189 N.E.3d 821.

{¶ 3} In the appendices to their merit briefs, HHVC and appellee, Montgomery County Court of Common Pleas Judge Richard K. Skelton, filed documents from the common-pleas-court case that are not contained in the record on appeal. As a reviewing court, this court "cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. Accordingly, we strike the documents improperly included in the parties' appendices. *Squire v. Geer*, 117 Ohio St.3d 506, 2008-Ohio-1432, 885 N.E.2d 213, ¶ 8-13 (granting a motion to strike documents improperly included in an appendix).

**Background**

{¶ 4} On May 16, 2022, HHVC filed a complaint against Judge Skelton in the court of appeals, alleging that the judge had not yet ruled on a motion for partial summary judgment. HHVC sought a writ of mandamus compelling Judge Skelton "to proceed to trial on the merits of [HHVC's] complaint in accordance with law." HHVC further alleged that on May 9, 2022, the common pleas court entered a judgment declaring HHVC to be a vexatious litigator and that the order was

"unlawful" and "exceed[ed] the authority of the court." HHVC sought a writ of mandamus "compelling [Judge Skelton] to withdraw and cancel the decision and order of May 9, 2022." HHVC also sought a writ "prohibiting [Judge Skelton] from pursuing or prosecuting the decision and order of May 9, 2022 and from ignoring, rejecting, or failing or refusing to consider any objections, motions or other filings made on behalf of [HHVC] by its attorney."

{¶ 5} R.C. 2323.52(D)(3) provides that a person who is found to be a vexatious litigator and is subject to an order under R.C. 2323.52(D)(1) "may not institute legal proceedings in a court of appeals * * * without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section." R.C. 2323.52(F)(2) provides: "A person who is subject to an order entered pursuant to division (D)(1) of this section and who seeks to institute * * * any legal proceedings in a court of appeals * * * shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted * * *."

{¶ 6} On May 18, the court of appeals ordered HHVC to show cause why the action should not be dismissed based on HHVC's failure to seek leave under R.C. 2323.52(D)(3) and (F)(2). HHVC responded by again challenging the common pleas court's May 9 order and by asserting that the Ohio Constitution guarantees access to courts. On June 1, the court of appeals dismissed the complaint, treating HHVC's response to the show-cause order as a belated application for leave and determining that there were not reasonable grounds to grant leave. HHVC has appealed to this court as of right.

## Analysis

{¶ 7} We review de novo the court of appeals' dismissal of HHVC's complaint. *See State ex rel. Thomas v. Nestor*, 164 Ohio St.3d 144, 2021-Ohio-672, 172 N.E.3d 136, ¶ 4.

{¶ 8} HHVC concedes that it has been declared a vexatious litigator and is subject to an order restricting its right to initiate legal proceedings. HHVC argues,

however, that the restriction does not apply in this case, because an attorney filed the complaint on its behalf in the court of appeals. HHVC points to R.C. 2323.52(A)(3), which provides that "[v]exatious litigator" does not include a person authorized to practice law in Ohio unless that person is representing himself pro se. But this provision has no application here because regardless of whether HHVC's attorney has been declared to be a vexatious litigator, it is clear that HHVC has been. R.C. 2323.52(A)(3) does not support the argument that HHVC can avoid the restrictions placed on it simply by having an attorney initiate a legal proceeding on its behalf.

{¶ 9} Because HHVC has been declared a vexatious litigator, R.C. 2323.52(D)(3) prohibits HHVC from instituting legal proceedings in a court of appeals "without first obtaining leave of the court of appeals to proceed" under R.C. 2323.52(F)(2). HHVC does not allege that it filed an application for leave to proceed under R.C. 2323.52(F)(2). Under these circumstances, the court of appeals was required to dismiss HHVC's complaint. R.C. 2323.52(I) ("Whenever it appears * * * that a person found to be a vexatious litigator under this section has instituted * * * legal proceedings without obtaining leave to proceed from the appropriate * * * court of appeals to do so under division (F) of this section, the court in which the legal proceedings are pending *shall dismiss* the proceedings * * * of the vexatious litigator" [emphasis added]). Moreover, to the extent that HHVC challenges R.C. 2323.52 on constitutional grounds, those arguments fail: "R.C. 2323.52, the vexatious litigator statute, is constitutional in its entirety." *Mayer v. Bristow*, 91 Ohio St.3d 3, 740 N.E.2d 656 (2000), paragraph one of the syllabus.[1]

{¶ 10} We affirm the court of appeals' judgment. In doing so, we do not, as the court of appeals did, consider whether HHVC's claims may have merit by "[a]ssuming, for the sake of argument" that the arguments HHVC made in response

---

1. R.C. 2323.52 has been amended twice since our decision in *Mayer*; however, HHVC's arguments do not implicate the changes to the statute.

to the show-cause order could be "construed as a belated application for leave to institute proceedings" under R.C. 2323.52(F)(2). As noted above, R.C. 2323.52(D)(3) prohibits a vexatious litigator from instituting legal proceedings in a court of appeals "without first obtaining leave" to proceed under R.C. 2323.52(F)(2). And R.C. 2323.52(F)(2) requires a vexatious litigator to seek leave to proceed in the court "in which the legal proceedings would be instituted." This language clearly required HHVC to seek leave *before* filing a complaint in the court of appeals. HHVC's failure to file an application for leave deprived the court of appeals of jurisdiction. *See State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 31. Therefore, HHVC's subsequent filing may not be treated as an application for leave.

## Conclusion

{¶ 11} We strike the documents improperly included in the parties' appendices and affirm the court of appeals' judgment.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Charles J. Simpson, for appellant.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Thomas J. Brodbeck, Assistant Prosecuting Attorney, for appellee.

————————————