[Cite as *Curry v. Wendy's Internatl., L.L.C.*, 2026-Ohio-573.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Carline M. Curry,
:
    Plaintiff-Appellant,
        No. 25AP-521
:
        (C.P.C No. 24CV-6099)

v.
:
    (ACCELERATED CALENDAR)

Wendy's International, LLC et al.,
:

:
    Defendants-Appellees.
:

D E C I S I O N

Rendered on February 19, 2026

**On brief:** *Nager, Romaine & Schneiberg*, *Mitchell A. Stern* for appellant.

**On brief:** *Park Street Law Group, LLC, Donald P. Beck* for Wendy's International, LLC.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Plaintiff-appellant, Carline M. Curry, appeals from a June 4, 2025 judgment entry granting the motion to dismiss of defendant-appellee, Wendy's International, LLC ("Wendy's"). For the reasons that follow, we dismiss this appeal.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 6, 2024, Curry filed a notice of appeal and complaint in the Franklin County Court of Common Pleas from a May 22, 2024 decision of the Industrial Commission of Ohio denying her workers' compensation claim based on alleged injuries incurred in the course of her employment at Wendy's.

{¶ 3} On February 28, 2025, Wendy's filed a motion to dismiss, under Civ.R. 41(B)(1) and R.C. 2323.52(I), requesting that the trial court dismiss Curry's notice of appeal

and complaint. Wendy's argued that Curry, having previously been declared a vexatious litigator in Richland County Court of Common Pleas, was required to first obtain leave to proceed before filing a notice of appeal and complaint. As an exhibit to the motion, Wendy's provided a copy of the November 30, 2022 judgment entry of the Richland County Court of Common Pleas No. 2021 CV 0447 declaring Curry a vexatious litigator. (Mot. to Dismiss, Ex. A.) On March 13, 2025, Curry filed a memorandum in opposition arguing that she was not required to obtain leave as she had an "absolute right to file an appeal in the Common Pleas Court from an adverse order of the Industrial Commission." (Mar. 13, 2025 Memo in Opp.) Curry also argued that she was not required to obtain leave as she was represented by counsel. A reply brief was filed on March 19, 2025.

{¶ 4}  On June 4, 2025, the trial court granted the motion to dismiss. The trial court first found, "Curry's cursory assertion that R.C. 4123.512 gives her an 'absolute right' to file an appeal—even without having obtained leave from the Richland County Court of Common Pleas—is unsupported by both the language of the relevant statues and by caselaw." (June 4, 2025 Jgmt. Entry at 3.) The trial court also concluded, "the fact that Curry is represented by counsel does not obviate her need to obtain leave to institute an action in a court of common pleas." (*Id.*)

{¶ 5}  Curry filed a notice of appeal on June 23, 2025.

## II.  ASSIGNMENT OF ERROR

{¶ 6}  Curry assigns the following assignment of error for our review:

> The Trial Court erred in granting the Defendant-Appellee's Motion to Dismiss for failure to obtain leave of Court in Richland County where jurisdiction resides in Franklin County.

## III.  ANALYSIS

{¶ 7}  In Curry's sole assignment of error, she contends that the trial court erred by granting the motion to dismiss for failure to obtain leave in Richland County. As a preliminary matter, however, we must review whether Curry was required to obtain leave with this court before filing a notice of appeal.

{¶ 8}  A "vexatious litigator" is defined as "any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil

action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions." R.C. 2323.52(A)(3). Pursuant to R.C. 2323.52(D)(3), once an individual is declared a vexatious litigator, and is subject to an order under R.C. 2323.52(D)(1), the individual "may not institute legal proceedings in a court of appeals, continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator or another person in a court of appeals without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section." R.C. 2323.52(F)(2) directs that "[a] person who is subject to an order entered pursuant to division (D)(1) of this section and who seeks to institute . . . any legal proceedings in a court of appeals . . . shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted." An appellant's failure to file an application for leave deprives the court of appeals of jurisdiction. *State ex rel. Huber Hts. Veterans Club, Inc. v. Skelton*, 2023-Ohio-485, ¶ 10, citing *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 2008-Ohio-2637, ¶ 31. Thus, "[w]hen a person found to be a vexatious litigator has instituted a legal proceeding without obtaining leave to proceed from the appropriate court of common pleas or court of appeals under R.C. 2323.52(F), the court shall dismiss the proceedings or application of the vexatious litigator." *RRL Holding Co. of Ohio, LLC v. Stewart*, 2021-Ohio-3989, ¶ 9 (10th Dist.), citing R.C. 2323.52(I).

{¶ 9} In the case sub judice, there is no dispute that Curry was declared a vexatious litigator by the Richland County Court of Common Pleas.[1] It is also uncontested that Curry has failed to obtain leave of this court to proceed with this appeal. As such, we need not answer whether the trial court erred by dismissing Curry's complaint as she has failed to obtain leave with *this* court prior to initiating a legal proceeding. While Curry may argue that because she is represented by counsel the statutory requirement to first seek leave is inapplicable, we find this argument unavailing based on case law and plain language of the statute. The Supreme Court of Ohio rejected a similar argument when it found "R.C.

---

[1] While we recognize the entry declaring Curry a vexatious litigator was included as an exhibit to the original motion to dismiss, it the interest of completeness, we also take judicial notice of the November 30, 2022 Richland County Court of Common Pleas judgment entry declaring Curry, pursuant to R.C. 2323.52, a vexatious litigator. *See, e.g., State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8 (noting it is well established that courts may take judicial notice of contents of public court records available on the internet).

2323.52(A)(3) does not support the argument that [a party] can avoid the restrictions placed on it simply by having an attorney initiate a legal proceeding on [their] behalf." *Huber Hts. Veterans Club, Inc.* at ¶ 8; *see also RRL Holding Co. of Ohio, LLC* at ¶ 11 (concluding that the "plain language of R.C. 2323.52 makes clear that a vexatious litigator must first seek leave of the court before bringing a new legal proceeding. The statute provides no language that carves out an exception if the vexatious litigator has obtained counsel"); *De Leon Lomaz v. Ohio DOC Div. of State Fire Marshal*, 2005 U.S. Dist. LEXIS 63928, *8 (N.D.Ohio June 8, 2005) ("O.R.C. § 2323.52 does not limit its applicability solely to actions taken *pro se*. Indeed, any party, represented by an attorney, takes actions in a proceeding *through* the attorney."). (Emphasis in original.) As such, R.C. 2323.52 not only applies to a vexatious litigator representing themselves pro se, but to a vexatious litigator represented by counsel. *RRL Holding Co. of Ohio, LLC* at ¶ 11.

{¶ 10} As Curry has been declared a vexatious litigator, she is precluded, under R.C. 2323.52(D)(3), from initiating legal proceedings in a court of appeals without first obtaining leave of the court to proceed under R.C. 2323.52(F)(2). As such, we are required to dismiss Curry's appeal. R.C. 2323.52(I) ("Whenever it appears . . . that a person found to be a vexatious litigator under this section has instituted . . . legal proceedings without obtaining leave to proceed from the appropriate . . . court of appeals to do so under division (F) of this section, the court in which the legal proceedings are pending shall dismiss the proceedings . . . of the vexatious litigator.").

{¶ 11} Furthermore, we must also address whether the time for commencing this appeal has tolled. App.R. 4 sets forth the period for filing a notice of appeal. "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(A)(1). R.C. 2323.52(F)(2) directs that the period for filing a notice of appeal under App.R. 4 tolls when the "the period of time commencing with the filing with the court of an application for the issuance of an order granting leave to proceed and ending with the issuance of an order." Thus, if a vexatious litigator files for leave subsequent to the expiration of the 30-day period, the appellate court lacks jurisdiction over the appeal. *RRL Holding Co. of Ohio, LLC* at ¶ 16, citing *Sapp* at ¶ 16-25; *Prime Equip. Group, Inc. v. Schmidt*, 2015-Ohio-3683, ¶ 6-8 (10th Dist.) (concluding that a vexatious litigator must file an application for leave before the expiration of the 30-day period under App.R. 4(A)).

Here, Curry filed her notice of appeal within the 30-day period for filing under App.R. 4(A) but failed to first seek leave to file under R.C. 2323.52(D)(3). Because Curry has failed to seek leave to file under R.C. 2323.52(D)(3) prior to the expiration of the 30-day period, we lack jurisdiction over the appeal. App.R. 4(A); R.C. 2323.52(I).

## IV. CONCLUSION

{¶ 12} Based on the foregoing, Curry's appeal is dismissed, pursuant to R.C. 2323.52(I), for failure to obtain leave of this court to proceed.

*Appeal dismissed.*

BEATTY BLUNT and EDELSTEIN, JJ., concur.

———————————