[Cite as *Wells Fargo Bank, N.A. v. Deel*, 2012-Ohio-3782.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

WELLS FARGO BANK, N.A.

    Appellees

    v.

LORI L. DEEL, et al.

    Appellants

C.A. No.    25876

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010 12 8137

DECISION AND JOURNAL ENTRY

Dated: August 22, 2012

CARR, Judge.

{¶1}    Appellants, John and Lori Deel, appeal the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    Appellee, Wells Fargo Bank, commenced this action in foreclosure on December 9, 2010, alleging that John and Lori Deel had breached the terms of their promissory note and mortgage. When the Deels did not respond to the complaint, Wells Fargo filed a motion for default judgment on February 28, 2011. Subsequently, on March 4, 2011, the trial court granted default judgment in favor of Wells Fargo and entered a decree in foreclosure.

{¶3}    On March 31, 2011, the Deels filed a motion to vacate the default judgment pursuant to Civ.R. 60(B). Less than a week later, on April 4, 2011, the Deels filed a notice of appeal from the March 4, 2011 judgment. This Court remanded the matter to the trial court to allow for consideration of the Civ.R. 60(B) motion and stayed the appellate proceedings. After

this Court extended the length of the remand period on multiple occasions, the trial court issued a judgment entry denying the motion to vacate. The Deels did not file a notice of appeal from the judgment denying their motion to vacate.

{¶4} On December 12, 2010, the Deels filed a motion in this Court to supplement the record in the instant appeal, seeking to include all filings in the trial court from March 4, 2011, through November 8, 2011. Wells Fargo opposed the motion to supplement on the basis that there was no need to do so because the Deels had not appealed from the judgment entry denying the motion to vacate. On December 29, 2011, this Court denied the motion, reasoning that "the requested filings are not part of the current appeal."

{¶5} On appeal, the Deels raise two assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED ERROR, PREJUDICIAL TO MR. AND MRS. DEEL, BY DENYING THE MOTION TO VACATE DURING THE PERIOD WHEN THE MATTER WAS REMANDED BY THIS COURT.

{¶6} In their first assignment of error, the Deels argue that the trial court erred by denying the motion to vacate during the period when the matter was remanded by this Court. The Deels did not file a timely notice of appeal from the trial court's order denying their motion to vacate, and that order is not part of the appellate record. Thus, the Deels' first assignment of error falls outside the proper scope of this appeal, and this Court is without jurisdiction to consider it. App.R. 3(D); *see also State v. Samuels*, 9th Dist. No. 25283, 2011-Ohio-2631, ¶ 6.

## ASSIGNMENT OF ERROR II

WELLS FARGO DID NOT REQUEST, AND THE TRIAL COURT DID NOT CONDUCT, A HEARING AT LEAST SEVEN DAYS AFTER WELLS FARGO FILED PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, REQUIRING

REVERSAL OF THE MARCH 4, 2011 DECREE OF FORECLOSURE UNDER OHIO CIV.R. 55(A).

{¶7} In their second assignment of error, the Deels argue that the trial court erred in not conducting a hearing prior to entering default judgment in favor of Wells Fargo. This Court disagrees.

{¶8} In support of their second assignment of error, the Deels argue the trial court was required to conduct a hearing prior to granting Wells Fargo's motion for default judgment because the Deels made an appearance in this action. Specifically, the Deels contend that Mr. Deel's phone call to the law firm that represented Wells Fargo constituted an appearance and triggered the notice requirement set forth in Civ.R. 55(A). The Deels further argue that they did not file a responsive pleading because they believed the matter had been settled during the phone call.

{¶9} The proper procedure for holding a party in default is set forth in Civ.R. 55(A), which provides, in relevant part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor ***[.] If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

{¶10} The Ohio Supreme Court has stated that "[i]f the defending party has failed to appear in the action, a default judgment may be entered without notice." *Ohio Valley Radiology*

*Assoc., Inc. v. Ohio Valley Hosp. Assn.,* 28 Ohio St.3d 118, 120 (1986); *see also Chuck Oeder,*

*Inc. v. Bower*, 9th Dist. No. 23785, 2007-Ohio-7032, ¶ 13.  The high court continued:

> Default, under both pre-Civil Rule decisions and under Civ.R. 55(A), is a clearly defined concept.  A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading.  *McCabe v. Tom*, 35 Ohio App. 73 (6th Dist.1929).  As stated by the court in *Reese v. Proppe*, 3 Ohio App.3d 103, 105 (8th Dist.1981), "[a] default by a defendant * * * arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or 'confessed' by the omission of statements refuting the plaintiff's claims. * * *"  It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or "otherwise defend[ing]" that a default arises.  This rule applies to original claims as well as to counterclaims (Civ.R. 55[C]), and is logically consistent with the general rule of pleading contained in Civ.R. 8(D), which reads in part that "[a]verments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading."  *Ohio Valley Radiology* at 121.

{¶11}  Thus, this Court must determine whether the Deels "appeared in the action" so as

to trigger the seven-day notice requirement set forth in Civ.R. 55(A).  A review of the record

reveals that the trial court did not abuse its discretion in granting Wells Fargo's motion for

default judgment.  The Deels' argument is predicated on the fact that John Deel's affidavit

established that he was told by someone who worked at the law firm that represented Wells

Fargo that they did not need to file a response to the complaint.  However, the affidavit upon

which the Deels rely in support of their argument was not before the trial court at the time it

ruled on the motion for default judgment on March 4, 2011.  John Deel swore to the contents of

his affidavit on March 23, 2011, and the affidavit was filed as an attachment to the motion to

vacate judgment that was filed on March 31, 2011.  "This Court will not conclude that the trial

court abused its discretion based upon evidence that the trial court could not have considered."

*Neighbor v. Jones*, 9th Dist. No. 25050, 2010-Ohio-3003, ¶ 42.  While this Court is mindful of

the grave consequences of foreclosure cases and sympathetic to the Deels' argument, we

recognize that the trial court could only consider the evidence before it at the time it entered judgment. As the affidavit upon which the Deels rely in support of their assignment of error was not before the trial court at the time the trial court entered default judgment, the second assignment of error is overruled.

## III.

{¶12} The first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

SIDNEY N. FREEMAN, Attorney at Law, for Appellants.

ANNA MARIE SFERRA, NELSON M. REID and VLADIMIR P. BELO, Attorneys at Law, for Appellees.