[Cite as *State v. Cunningham*, 2021-Ohio-4052.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-P-0048 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| ERIK A. CUNNINGHAM, | Trial Court No. 2019 CR 00022 |
| Defendant-Appellant. | |

## M E M O R A N D U M
## O P I N I O N

Decided: November 15, 2021
Judgment: Appeal dismissed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Donald J. Malarcik* and *John P. Stiles*, 121 S. Main Street, Suite 520, Akron, OH 44308 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}     Appellant, Erik A. Cunningham, appeals the trial court's April 8, 2021 order denying a motion to intervene filed by his parents, nonparties Paul and Nancy Cunningham ("the Cunninghams").  The appeal is dismissed.

{¶2}     Appellant, accused of killing his wife, was indicted on charges of murder and felonious assault.  The state of Ohio obtained a search warrant for his parents' cell phones, which were then seized by the police department.  Appellant moved the trial court to appoint a Special Master to review the contents of his father's phone, in particular, for

information protected under the attorney-client privilege and as attorney work product. Appellant asserted that his father is paying for expert witnesses and that his phone contains numerous text messages and emails with defense counsel that discuss experts, potential experts, and other witnesses on appellant's behalf.

{¶3} The trial court denied appellant's motion for a Special Master. The court concluded that the search warrant was proper and that the state and defense counsel are entitled to all information gathered from the cell phones for the time period prior to defense counsel first filing a notice of appearance in the matter. We dismissed appellant's appeal from that order for lack of a final, appealable order. *See State v. Cunningham*, 11th Dist. Portage No. 2021-P-0047.

{¶4} Following seizure of their cell phones, the Cunninghams retained counsel and filed a motion to intervene in the criminal matter. The trial court denied the Cunninghams' motion, from which appellant noticed this appeal.

{¶5} We requested the parties brief the issue of the order's appealability. In its response, the state asserts the appeal should be dismissed due to appellant's lack of standing to challenge the order. Appellant takes issue with the state's decision to attack his standing as opposed to whether the order is final and appealable. Because standing is required to invoke the jurisdiction of a court, however, we must initially address appellant's standing, or lack thereof. *See Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 22 ("Standing is certainly a jurisdictional requirement; a party's lack of standing vitiates the party's ability to invoke the jurisdiction of a court—even a court of competent subject-matter jurisdiction—over the party's attempted action." (Citations omitted.)); and *State ex rel. Merrill v. Ohio Dept. of Nat.*

2

*Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935, ¶ 27, quoting *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶ 9 ("'Standing is a preliminary inquiry that must be made before a court may consider the merits of a legal claim.'" (Citations omitted.)).

{¶6} ""Standing" is defined at its most basic as "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right."" *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27, quoting *Black's Law Dictionary* 1442 (8th Ed.2004); *State v. Rice*, 135 N.E.3d 309, 2019-Ohio-1415, ¶ 45 (11th Dist.). "To have appellate standing, a party must be 'aggrieved by the final order appealed from.'" *Merrill* at ¶ 28, quoting *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.*, 140 Ohio St. 160, 42 N.E.2d 758 (1942), syllabus. "A party is aggrieved, and thus has standing to appeal, if (1) he has a present interest in the subject matter of the litigation and (2) he has been prejudiced by the judgment of the trial court." *Thomas v. Wright State Univ. School of Medicine*, 2013-Ohio-3338, 3 N.E.3d 211, ¶ 12 (10th Dist.), citing *Willoughby Hills v. C.C. Bar's Sahara, Inc.,* 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992), citing *Ohio Contract Carriers* at 161. The party must "show that *his rights* have been invaded[.]" (Emphasis sic.) *Ohio Contract Carriers* at 161; *In re R.J.E.*, 11th Dist. Portage No. 2016-P-0025, 2017-Ohio-886, ¶ 20 ("a party who seeks to appeal must assert his own rights").

{¶7} In their motion, the Cunninghams requested leave to intervene in order to assert their rights as it pertained to the seizure of their cell phones—to "assert their property interests, contest violations to their right to privacy, assert attorney-client and marital privilege over confidential communications with their counsel and each other

3

regarding items that were seized, and participate in the Special Master review of their property."

{¶8} Appellant and his deceased wife have two minor children. Appellant submits to this court that the Cunninghams were awarded legal custody of the children as a result of these crimes and that his parents are, therefore, crime victims with rights as provided in Article 1, Section 10a of the Ohio Constitution ("Marsy's Law"). A "victim" under this law is defined as "a person against whom the criminal offense or delinquent act is committed or who is directly and proximately harmed by the commission of the offense or act. The term 'victim' does not include the accused[.]" Section 10a(D). Appellant contends the denial of the Cunninghams' motion to intervene is "in direct violation of their rights under Marsy's Law." Additionally, appellant's arguments relating to the appealability of the order are based on the application of Marsy's Law.

{¶9} Because appellant is not asserting his own rights, but only those of his parents as alleged victims, he does not have standing to appeal the trial court's denial of their motion to intervene. And, because his lack of standing vitiates his ability to invoke this court's jurisdiction over the matter, we must dismiss his appeal. *See Kuchta,* 2014-Ohio-4275 at ¶ 22 and *Ohio Contract Carriers*, 140 Ohio St. at 163.

{¶10} Appeal dismissed.


MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

4

Case No. 2021-P-0048