[Cite as *Steuer Revocable Trust v. Strauss*, 2022-Ohio-3484.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| BRENDA SUE STEUER REVOCABLE TRUST, | CASE NO. 2021-L-118 |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| MARC I. STRAUSS, et al., | Trial Court No. 2021 CV 000674 |
| Defendant-Appellant, | |
| MARK E. DOTTORE, | |
| Receiver-Appellee. | |

## O P I N I O N

Decided: September 30, 2022
Judgment: Appeal dismissed

*James V. Aveni* and *Todd D. Cipollo*, Ranallo & Aveni, 6685 Beta Drive, Cleveland, OH 44143 (For Plaintiff-Appellee, Brenda Sue Steuer Revocable Trust).

*Marc I. Strauss*, pro se, 39489 Tudor Drive, Willoughby, OH 44094, and *Paul W. Flowers* and *Melissa A. Ghrist*, Flowers & Grube, Terminal Tower, 40th Floor, 50 Public Square, Cleveland, OH 44113 (For Defendants-Appellants, Marc I. Strauss).

*Mary K. Whitmer*, *James W. Ehrman* and *Robert M. Stefancin*, Whitmer & Ehrman, LLC, 2344 Canal Road, Suite 401, Cleveland, OH 44113 (For Receiver-Appellee, Mark E. Dottore).

*Michael J. Palumbo*, Gingo Palumbo Law Group, LLC, 4700 Rockside Road, Suite 440, Independence, OH 44131 (For Intervener, FTF REO, LLC).

MATT LYNCH, J.

{¶1} Pending before this court are the following: the Receiver-Appellee, Mark E. Dottore's, Motion to Dismiss filed on January 27, 2022 as part of his Answer Brief; Plaintiff-Appellee, the Brenda Sue Steuer Revocable Trust's, Motion to Dismiss filed on February 7, 2022 as part of its Answer Brief; Defendant-Appellant, Marc I. Strauss', Reply Brief filed on March 30, 2022; and the Receiver's Limited Reply as Authorized by this Court to Appellant Marc Strauss's Response to Appellee's Motion to Dismiss filed on April 19, 2022.

{¶2} On November 12, 2021, Strauss filed a Notice of Appeal from the October 14, 2021 Order of the Lake County Court of Common Pleas, appointing Dottore as receiver for Fairport Real Estate LLC, and the November 9, 2021 Judgment Entry, denying Strauss' Motion to Disqualify Mark E. Dottore as Receiver Because He Is a Creditor of Strauss and Has an Interest in This Action.

{¶3} Fairport Real Estate LLC is an Ohio limited liability company. The original incorporating Members were the Marc I. Strauss Children's Trust II and the Brenda Sue Steuer Revocable Trust. Management of the Company was vested in Managers, meaning "those persons elected by the Members to run the day-to-day activities, and to perform the long-term planning, of the Company pursuant to Article Twelve of the [Operating] Agreement." The initial Managers were Marc I. Strauss and David Steuer.

{¶4} According to the Complaint filed by the Revocable Trust, it and the Children's Trust each have a "fifty percent (50%) membership interest in Fairport Real Estate, LLC." It was further alleged that Strauss and Steuer are the current Managers. The Revocable Trust raised claims against Strauss for breach of the Operating Agreement and breach of fiduciary duty.

2

{¶5}  Strauss and the Children's Trust filed an Answer and Counterclaim in which the creation of Fairport Real Estate LLC and its acquisition of certain real property were admitted but the existence of a valid Operating Agreement was denied.  Accordingly, the existence of Members and Managers was also denied.  Rather, it was claimed: "Fairport Real Estate operates in the State of Ohio as a partnership and is governed by Chapter 1776 of the Ohio Revised Code entitled Ohio Uniform Partnership Act having no formal governing document."  Strauss and Steuer are "general partners as defined in [the] Ohio Uniform Partnership Act."

{¶6}  The Order Appointing Receiver issued on October 14, 2021, made the following findings: "The parties have filed pleadings and other sworn statements judicially admitting that Fairport Real Estate LLC ('**Fairport**') was formed as a legal entity on October 28, 2015; that it acquired certain real property and personal property (Fairport and all its property, (real and personal, intangible and other property) shall hereinafter be referred to as the '**Business**'); that the Plaintiff and/or David Steuer on one hand and Marc Strauss and/or Defendants can no longer operate the Business."  Dottore was appointed receiver and "authorized to take possession and control of all of the property of the Business, including the real property," and, inter alia, "receive, manage and operate the Assets and the Business."

{¶7}  On November 12, 2021, Strauss filed a Notice of Appeal from the Order Appointing Receiver on his own behalf.[1]

---

1. The Notice of Appeal identified Strauss and the Children's Trust as appellants.  However, the Appellant's Brief filed on January 11, 2022 was filed by Strauss "*pro se*" on his own behalf.  Strauss subsequently, in his March 30, 2022 Reply Brief, clarified that the "Children's Trust has never been an active party * * * in this appeal."

Case No. 2021-L-118

{¶8} As grounds for dismissing the appeal, the Receiver and the Revocable Trust argue that Strauss does not have standing to appeal the decision to appoint a receiver for Fairport Real Estate.

{¶9} "Standing is certainly a jurisdictional requirement; a party's lack of standing vitiates the party's ability to invoke the jurisdiction of a court–even a court of competent subject-matter jurisdiction–over the party's attempted action." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 22; *State v. Cunningham*, 11th Dist. Portage No. 2021-P-0048, 2021-Ohio-4052, ¶ 5. "The burden is on the party claiming standing to appeal to prove that such standing exists." *Thomas v. Bldg. Dpt. of Barberton*, 9th Dist. Summit No. 25628, 2011-Ohio-4493, ¶ 6; *Jenkins v. Gallipolis*, 128 Ohio App.3d 376, 381, 715 N.E.2d 196 (1998).

{¶10} "A party who seeks to challenge an order on appeal must be aggrieved by that order." *In re Application of Suburban Natural Gas Co.*, 166 Ohio St.3d 176, 2021-Ohio-3224, 184 N.E.3d 44, ¶ 42; *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.*, 140 Ohio St. 160, 42 N.E.2d 758 (1942), syllaus ("[a]ppeal lies only on behalf of a party aggrieved by the final order appealed from"). "Unless an appellant can show that *his rights* have been invaded, no error is shown to have been committed by the court or body which entered the final order." *Id.* at 161. "Under the common law, it is well settled that the right to appeal can be exercised only by those parties who are able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced by the judgment of the lower court." *Willoughby Hills v. C. C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992); *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177, 743 N.E.2d 894 (2001) (an "aggrieved party" is

4

one whose "personal, pecuniary, or property rights have been adversely affected by another person's actions or by a court's decree or judgment") (citation omitted). "A future, contingent, or speculative interest is not sufficient to confer standing to appeal." *Midwest Fireworks* at 177; *Ohio Contract Carriers* at syllabus ("[a]ppeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant").

{¶11} The Receiver maintains that Strauss lacks standing to appeal because he "has not demonstrated any financial interest in Fairport." Receiver's Motion to Dismiss and Answer Brief at 10. According to his Appellant's Brief (and contrary to representations made in his Answer and Counterclaim), Strauss "is the Manager of Fairport, and Strauss' Children's Trust is the sole member and equity owner of Fairport." Appellant's Brief at 2.

{¶12} Strauss counters that, as "the controlling manager of Fairport," the "imposition of the receivership immediately and completely divested him of all the rights conferred upon him as a manager under R.C. Chapter 1705 (now 1706)." Stated otherwise, "Strauss no longer has any ability to operate Fairport and fulfill the responsibilities he owes to the company's members." Appellant's Reply Brief at 2.

{¶13} Strauss has failed to demonstrate that he is an aggrieved party as a result of the appointment of the receiver. Strauss' purported interest in Fairport Real Estate, that of a manager, is no greater than that of an agent or other employee. According to R.C. 1706.01(O), a "manager" is "any person designated by the limited liability company or its members with authority to manage all or part of the activities or affairs of the limited liability company on behalf of the limited liability company." As such, he owes Fairport

5

Real Estate a duty of loyalty and care as set forth in R.C. 1706.311(B) and (C) but acquires no particular or vested interest in the company. Strauss has asserted no interest in the property of Fairport Real Estate subject to the receivership. Accordingly, he cannot claim to be aggrieved by the imposition of the receivership. It has been fairly stated that members of a limited liability company are without standing to challenge the appointment of a receiver in their individual capacity as members. *See TD Ltd., L.L.C. v. Dudley*, 12th Dist. Butler No. CA2014-01-009, 2014-Ohio-3996, ¶ 16, fn. 2 (appellants "lacked standing to challenge the appointment of a receiver as members of TD Limited") (cases cited); *compare In re Zuercher Trust of 1999*, BAP No. NC-14-1372-KuWJu, 2016 WL 3753162, *3 ("limited liability companies are separate legal entities [under California law]," consequently, "a manager or member of a limited liability company cannot pursue in his or her own name an action regarding assets belonging to the company"). Certainly, then, a manager whose authority to manage is granted by the members has even less grounds for claiming to be aggrieved by the appointment of a receiver.

{¶14} The appointment of a receiver may affect Strauss' authority as a manager to control assets belonging to Fairport Real Estate, however, for the purposes of demonstrating injury or prejudice, it is insufficient. Injury requires the invasion of a "legally protected" right or interest that is personal. *State ex rel. N. Ohio Chapter of Associated Builders & Contrs., Inc. v. Barberton City School Dist. Bd. of Edn.*, 188 Ohio App.3d 395, 2010-Ohio-1826, 935 N.E.2d 861, ¶ 15 (9th Dist.); *RRL Holding Co. of Ohio, LLC v. Stewart*, 2021-Ohio-3989, 180 N.E.3d 699, ¶ 19 (10th Dist.) ("[i]n order to demonstrate prejudice, the appellant must show that the trial court's error injuriously affected them"). In *RRL Holding*, for example, a limited liability company (TRG) sought to appeal a

6

judgment against the individual (Stewart) who formed the company. The judgment in question imposed fines and penalties on Stewart. Despite claims that the judgment adversely affected TRG's business, the court of appeals found the company lacked standing as the fines and penalties were not imposed against the company itself: "[a]s TRG is not a party aggrieved by the final order it has no standing to proceed with this appeal." *Id.* at ¶ 20; *compare Eaton Natl. Bank & Trust Co. v. Glass*, 10th Dist. Franklin No. 08AP-829, 2009-Ohio-1186, ¶ 4 (noting, in dicta, that the president of management company's interest in property placed under receivership "is merely collateral to the underlying foreclosure issue and confers upon him no greater right of appeal than countless other parties who would be generally affected by a foreclosure").

{¶15} Strauss' reliance on *Boulger v. Evans*, 54 Ohio St.2d 371, 377 N.E.2d 753 (1978), is unavailing. In *Boulger*, the Supreme Court held that the administrator of a decedent's estate had standing to certify a conflict to the high court on the issue of whether the administrator was authorized to expend estate funds for a particular purpose. It held that the administrator had "a very real interest, in his fiduciary capacity, as to the validity * * * of the instructions contained in the judgment of the trial court," and so he had "both a right and a duty to seek a final determination from this court." *Id.* at 377. This situation is distinguishable. The administrator in *Boulger* had "special statutory authority" to seek instruction from the trial court on whether a particular action in the administration of the estate was warranted. The court recognized the "peculiar nature of the situation" in which there was no other party (neither a beneficiary of the estate nor the state by escheat) having an interest in the issue. *Id.* at 376. Here, the owners of Fairport Real Estate are the proper parties to challenge the appointment of a receiver.

7

{¶16} For the foregoing reasons, the Motions of Receiver-Appellee, Dottore, and Plaintiff-Appellee, Brenda Sue Steuer Revocable Trust, to Dismiss are granted. The present appeal is dismissed.


MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2021-L-118