[Cite as *Steuer Revocable Trust v. Strauss*, 2025-Ohio-2111.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| BRENDA SUE STEUER REVOCABLE TRUST, | CASE NO. 2024-L-074 |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| MARC I. STRAUSS, et al., | Trial Court No. 2021 CV 000674 |
| Defendants-Appellants, | |
| MARK E. DOTTORE, | |
| Receiver-Appellee. | |

## OPINION AND JUDGMENT ENTRY

Decided: June 16, 2025
Judgment: Affirmed

*James V. Aveni*, Sikora Law, LLC, 737 Bolivar Road, Suite 270, Cleveland, OH 11002 (For Plaintiff-Appellee).

*Marc I. Strauss*, 5057 Shepherds Glen, Willoughby, OH 44094 (For Defendants-Appellants).

*Mary K. Whitmer*, *James W. Ehrman*, *Scott R. Belhorn*, and *M. Logan O'Connor*, Whitmer & Ehrman, LLC, 2344 Canal Road, Suite 401, Cleveland, OH 44114 (For Receiver-Appellee).

MATT LYNCH, J.

{¶1} This is a direct appeal filed by defendants-appellants, The Mark I. Strauss Children's Trust II ("Strauss Children's Trust") and Attorney Mark I. Strauss (collectively, "the Strauss Defendants"), from the judgment of the Lake County Court of Common Pleas dismissing the complaint and counterclaim with prejudice. The only appellee to appear

before this court is Mark E. Dottore ("Appellee"), the court-appointed receiver in the case. Plaintiff, Brenda Sue Steuer Revocable Trust ("Steuer Revocable Trust"), did not submit an answer brief. We affirm the trial court's judgment.

{¶2} On June 4, 2021, Steuer Revocable Trust filed a complaint against the Strauss Defendants. Steuer Revocable Trust alleged that it and Strauss Children's Trust each have a fifty-percent membership interest in Fairport Real Estate, LLC, an Ohio limited liability company, and that Mark Strauss and David Steuer are the current managers. Steuer Revocable Trust raised claims against the Strauss Defendants for breach of Fairport Real Estate's operating agreement, breach of fiduciary duty, and an action for accounting.

{¶3} In their answer and counterclaim, the Strauss Defendants denied that a valid operating agreement exists for Fairport Real Estate and denied that Fairport Real Estate has members or managers. Rather, the Strauss Defendants claimed that Fairport Real Estate operates as a partnership with no formal governing document and that Mark Strauss and David Steuer are "general partners" as defined in the Ohio Uniform Partnership Act. The Strauss Defendants alleged that the Steuer Revocable Trust had tortiously interfered with the business affairs of Fairport Real Estate. They sought a dissolution of the partnership and partition of its property.

{¶4} On October 14, 2021, the trial court appointed Appellee as receiver for Fairport Real Estate and authorized him, inter alia, "to take possession and control of all of the property of the Business, including the real property," and to "receive, manage and operate the Assets and the Business." Mark Strauss appealed to this court on his own behalf. We determined that he did not have standing to appeal the decision to appoint a

receiver for Fairport Real Estate and dismissed the appeal. *See generally Steuer Revocable Trust v. Strauss*, 2022-Ohio-3484 (11th Dist.).

{¶5} On December 12, 2023, Steuer Revocable Trust and the Strauss Defendants filed joint stipulations with the trial court, as follows:

1. [Steuer Revocable Trust] is stipulated to be a fifty percent (50%) Member of Fairport Real Estate LLC since the effective date of the Operating Agreement;

2. Non-Party David Steuer is stipulated to be Co-Manager of Fairport Real Estate LLC since the effective date of the Operating Agreement;

3. [Strauss Children's Trust] is stipulated to be a fifty percent (50%) Member of Fairport Real Estate LLC since the effective date of the Operating Agreement;

4. [Mark Strauss] is stipulated to be Co-Manager of Fairport Real Estate LLC since the effective date of the Operating Agreement;

5. The Operating Agreement of Fairport Real Estate LLC as attached hereto as Exhibit "A" is in full force and effect as of October 28, 2015;

6. [Mark Strauss as] Co-Manager had the requisite authority to enter into the Builder Finance loan and will provide an accounting of profit from said loan;

7. [Mark Strauss] as Co-Manager shall account for all loan proceeds from Builder Finance, and FTF REO as well as all customer deposits through a forensic accounting;

8. Since being appointed in October 2021, the Receiver has not provided the parties with an accounting for Fairport Real Estate LLC. Any unaccounted-for funds shall be subject to further court proceedings; and

9. The facts stipulated herein shall be binding upon the parties, admissible in evidence and may be relied upon by other parties seeking confirmation of the ownership interests of Fairport Real Estate LLC.

{¶6} On January 9, 2024, Steuer Revocable Trust and the Strauss Defendants filed a joint "Stipulation of Dismissal of This Case Without Prejudice." They "stipulate[d] to dismissal of this lawsuit in its entirety without prejudice," citing Civ.R. 41(A). Civil Rule

Case No. 2024-L-074

41(A)(1)(b) provides: "Subject to the provisions of . . . Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by . . . filing a stipulation of dismissal signed by all parties who have appeared in the action."

{¶7} Appellee moved to strike the stipulation of dismissal, citing Civ.R. 66, which provides that "[a]n action wherein a receiver has been appointed shall not be dismissed except by order of the court."

{¶8} In an entry filed August 27, 2024, the trial court construed the stipulation of dismissal under Civ.R. 41(A)(1) as a joint motion for dismissal under Civ.R. 41(A)(2), which provides as follows:

> Except as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under division (A)(2) of this rule is without prejudice.

The trial court concluded, "Because the [December 12, 2023] Stipulations resolve the central issue in both the complaint and the counterclaim, the court hereby dismisses the complaint and the counterclaim with prejudice" pursuant to Civ.R. 66 and Civ.R. 41(A)(2).

{¶9} The Strauss Defendants have filed a notice of appeal, raising three assignments of error for our review.

{¶10} In their first assignment of error, the Strauss Defendants contend that "[t]he trial court erred in appointing a receiver because it did not have jurisdiction or authority over the matter due to a lack of personal jurisdiction over a non-party pursuant to the Ohio Rules of Civil Procedure." In their second assignment of error, they contend that "[t]he trial court erred by appointing a receiver who is not a 'disinterested party' under R.C. 2735.02."

Case No. 2024-L-074

**{¶11}** An order appointing a receiver is a final appealable order under R.C. 2505.02(B)(2) because it affects a substantial right in a special proceeding. *Echols v. Echols*, 2022-Ohio-1719, ¶ 26 (11th Dist.); *see also Forest City Inv. Co. v. Haas*, 110 Ohio St. 188 (1924), paragraph one of the syllabus. Thus, an appeal from an order appointing a receiver must be filed within 30 days of its issuance. *See* App.R. 4(A)(1); *see also Jamestown Village Condominium Owners Assn. v. Mkt. Media Research, Inc.*, 96 Ohio App.3d 678, 689 (8th Dist. 1996). "Where a party fails to timely challenge the appointment of a receiver, [the party] is precluded from later challenging that appointment or the authority granted to the receiver." *Hummer v. Hummer*, 2011-Ohio-3767, ¶ 8 (8th Dist.); *accord In re Estate of Utterdyke*, 1992 WL 366889, *2 (11th Dist. Dec. 11, 1992).

**{¶12}** The instant appeal, filed on September 26, 2024, is not a timely challenge to the trial court's October 14, 2021 order appointing the receiver. Accordingly, the appointment may not be challenged herein. Moreover, Mark Strauss filed a timely appeal from the trial court's order appointing the receiver, which this court dismissed for lack of standing. *See generally Steuer Revocable Trust*, 2022-Ohio-3484 (11th Dist.).

**{¶13}** The first and second assignments of error are not well taken.

**{¶14}** In their final assignment of error, the Strauss Defendants contend that "[t]he trial court erred in dismissing all claims of the parties without a hearing or trial with prejudice sua sponte." They accuse the trial court of denying them their day in court because there are assets of Fairport Real Estate that remain to be resolved.

**{¶15}** The Strauss Defendants' argument as stated in their brief is less than clear and is unsupported by citations to any authorities, statutes, or parts of the record, in contravention of App.R. 16(A)(7). On this basis alone, we may disregard this assignment

of error.  *See* App.R. 12(A)(2) (an appellate court may "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required by App.R. 16(A)").

{¶16}  Attorney Strauss at oral argument clarified that the basis for his assignment of error is that the trial court erred because it did not give any reasoning for dismissing the case "with prejudice" and contends that the case should be reinstated for purposes of a jury trial on the Strauss Defendants' counterclaim.  However, when offered the opportunity to do so at oral argument, he was unable to cite any authority or statute in support of his contention that the trial court's order should not be upheld.

{¶17}  An appellant bears the burden to affirmatively demonstrate error on appeal. *Village of S. Russell v. Upchurch*, 2003-Ohio-2099, ¶ 10 (11th Dist.).  It is not the appellate court's obligation to search for authority to support an appellant's argument.  *Id.*  If an argument exists that may support an appellant's assignment of error, "'it is not this court's duty to root it out.'"  *Id.*, quoting *Harris v. Nome*, 2002-Ohio-6994, ¶ 15 (9th Dist.).

{¶18}  Also at oral argument, Attorney Strauss argued for the first time that the trial court should have dismissed the case under Civ.R. 41(A)(1), pursuant to the parties' stipulation of dismissal, because the receivership had been terminated and therefore Civ.R. 66 no longer applied.  We disagree.

{¶19}  The parties filed their Civ.R. 41(A)(1) stipulation of dismissal on January 9, 2024, and the trial court dismissed the case under Civ.R. 66 and Civ.R. 41(A)(2) on August 27, 2024.  In between those two dates, on May 2, 2024, the trial court issued an order that granted Appellee's motion to terminate his receivership upon the terms and

Case No. 2024-L-074

conditions set forth in the order. Those terms and conditions include a provision that the receivership would be terminated *after* this case was properly dismissed by separate order. Accordingly, the trial court did not err in determining that Civ.R. 66 applied to the dismissal, such that the parties could not voluntarily dismiss the case without a court order.

{¶20} For these reasons, the third assignment of error is not well taken.

{¶21} The Strauss Defendants have failed to meet their burden to affirmatively demonstrate error on appeal. We therefore affirm the judgment of the Lake County Court of Common Pleas.

JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2024-L-074

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellants' assignments of error are without merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellants.

_____
JUDGE MATT LYNCH

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-L-074