[Cite as *Planet Home Lending, L.L.C. v. Keyes*, 2026-Ohio-521.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| PLANET HOME LENDING, L.L.C., | **CASE NO. 2025-L-091** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| MAURICE G. KEYES, a.k.a. MAURICE KEYES, et al., | Trial Court No. 2025 CF 000516 |
| Defendant-Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: February 17, 2026
Judgment: Affirmed

*Ann Marie Johnson, Jessica M. Johnson, Kimberly E. Fulkerson, Kirsten E. Friedman, Kyle E. Timken, Nicholas M. Smith,* and *Richard J. Sykora*, MDK Legal, P.O. Box 165028, Columbus, OH 43216 (For Plaintiff-Appellee).

*Maurice G. Keyes*, pro se, 35155 Dixon Road, Willoughby, OH, 44094 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Maurice G. Keyes, pro se, appeals the judgment of the Lake County Court of Common Pleas granting the motion for summary judgment filed by Appellee, Planet Home Lending, L.L.C. ("Planet Home").

{¶2} Appellant raises four assignments of error, arguing that the trial court erred by (1) granting summary judgment to Planet Home without affording Appellant a hearing or opportunity to be heard in violation of his due process rights; (2) denying Appellant's motion to vacate; (3) accepting Planet Home's motion to strike instead of addressing

Appellant's opposition to summary judgment; and (4) failing to require Planet Home to prove standing and holder-in-due-course status under R.C. 1303.31.

{¶3} Having reviewed the record and applicable law, we find that Appellant's assignments of error are without merit. First, there is no basis upon which to find that the trial court violated Appellant's procedural due process rights in granting summary judgment to Planet Home because the trial court complied with all governing requirements. Second, this Court lacks jurisdiction to consider Appellant's second and third assignments of error because Appellant did not appeal from the trial court's judgment entry denying his motion to vacate and Planet Home's motion to strike. Third, Planet Home met its initial burden on summary judgment to establish standing. Appellant did not file a timely opposition to summary judgment; therefore, he did not meet his reciprocal burden to set forth specific facts showing there is a genuine issue for trial. In addition, Appellant does not articulate how the concept of a "holder in due course" purportedly applies.

{¶4} Therefore, we affirm the judgment of the Lake County Court of Common Pleas.

**Substantive and Procedural History**

{¶5} On March 27, 2025, Planet Home filed a civil complaint against Appellant and others in the Lake County Court of Common Pleas. Planet Home sought judgment against Appellant on a promissory note in the amount of $242,180.99, plus interest, late charges, costs, and expenses. Planet Home also sought foreclosure of its mortgage lien on Appellant's real property located at 35155 Dixon Road, Willoughby Hills, Ohio.

{¶6} On April 10, 2025, Appellant filed a pro se answer.

Case No. 2025-L-091

{¶7} On May 14, 2025, Planet Home filed a motion for summary judgment on its claims against Appellant.

{¶8} On June 24, 2025, the trial court granted Planet Home's motion for summary judgment and issued a decree in foreclosure.

{¶9} On July 1, 2025, Appellant filed an opposition to summary judgment and a Civ.R. 60(B) motion to vacate the foreclosure decree. The next day, on July 2, 2025, Appellant filed an amended opposition/motion to vacate.

{¶10} On July 15, 2025, Planet Home filed a brief in opposition to Appellant's motion to vacate and a motion to strike Appellant's opposition to summary judgment.

{¶11} On July 17, 2025, Appellant filed a brief in opposition to Planet Home's motion to strike.

{¶12} On July 23, 2025, Appellant filed a motion to stay the sheriff sale pending appeal.

{¶13} On July 24, 2025, Appellant timely appealed from the trial court's June 24, 2025 summary judgment entry. On the same date, Appellant also filed his Appellant's Brief and a motion for prehearing conference or mediation.

{¶14} On July 29, 2025, the trial court stayed execution of the judgment pending appeal.

{¶15} On August 18, 2025, this Court granted Appellant's motion for a prehearing conference or mediation and held a telephonic mediation on September 11, 2025. The mediation was apparently unsuccessful.

{¶16} On October 10, 2025, Planet Home filed a motion to remand to permit the trial court to rule on Appellant's motion to vacate and its motion to strike. Planet Home

noted that Appellant's second assignment of error challenges the trial court's purported denial of his motion to vacate and that his third assignment of error challenges the trial court's purported "accept[ance]" of Planet Home's motion to strike.

{¶17}  On October 15, 2025, this Court granted Planet Home's motion to remand. We ordered the clerk of courts to refile the record upon receipt of the trial court's ruling. We also ordered the parties, within seven days of the record's refiling, to file written submissions indicating the status of the appeal and how they wished to proceed.

{¶18}  On October 20, 2025, the trial court filed a judgment entry.  The trial court found that Appellant's opposition to summary judgment was untimely and moot; therefore, the trial court denied Planet Home's motion to strike as moot.  The trial court also denied Appellant's motion to vacate.

{¶19}  On October 24, 2025, the clerk of courts refiled the record.

{¶20}  On October 29, 2025, Planet Home, as ordered, filed a notice of status of appeal and proposal for proceeding.  Planet Home stated that it did not object to this Court ordering supplemental briefing or, alternatively, issuing a ruling based on the parties' previously-submitted briefs.  Appellant did not file a written submission.

{¶21}  On October 31, 2025, this Court ordered this appeal to proceed according to rule.  We noted that this appeal was taken from the trial court's June 24, 2025 entry granting summary judgment and that no appeal had been taken from the October 20, 2025 entry finding Planet Home's motion to strike to be moot and denying Appellant's motion to vacate.

{¶22}  Appellant raises four assignments of error.

Case No. 2025-L-091

**Due Process**

{¶23} Appellant's first assignment of error states: "The trial court erred in granting summary judgment without affording Appellant a hearing or opportunity to be heard, violating Appellant's constitutional right to due process."

{¶24} Whether one has been accorded procedural due process is a question of law that we review de novo. *U.S. Bank v. Smith*, 2020-Ohio-3328, ¶ 9 (11th Dist.).

{¶25} Appellant contends that "[c]ourts have consistently held that summary judgment without a hearing or adequate review of opposition materials is reversible error." Appellant cites no legal authority in support of his assertion.

{¶26} Civ.R. 56 governs summary judgment in Ohio courts. The Supreme Court of Ohio has explained that "[o]ne of the overriding goals of Civ.R. 56 is fundamental fairness to all litigants, given the high stakes involved when summary judgment is sought." *Hooten v. Safe Auto Ins. Co.*, 2003-Ohio-4829, ¶ 34. Thus, "Civ.R. 56's procedural fairness requirements place significant responsibilities on all parties and judges to ensure that summary judgment should be granted only after all parties have had a fair opportunity to be heard." *Id*.

{¶27} Civ.R. 56(C) sets forth the procedure by which summary judgment is issued. *Id*. at ¶ 13. Previously, Civ.R. 56(C) provided that a summary judgment motion "'shall be served at least fourteen days before the time fixed for *hearing*'" and that "'[t]he adverse party, prior to the day of *hearing*, may serve and file opposing affidavits.'" (Emphasis added.) *Id*. at ¶ 12, quoting former Civ.R. 56(C). However, the current version of Civ.R. 56(C), effective July 1, 2019, does not reference a hearing. It provides:

> Summary judgment shall be rendered *forthwith* if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence,

Case No. 2025-L-091

and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

(Emphasis added.)

{¶28} Civ.R. 56(C) further provides that "[r]esponsive arguments, together with all affidavits and other materials in opposition, . . . may be served as provided by Civ.R. 6(C)." The current version of Civ.R. 6(C)(1), also effective July 1, 2019, provides that "[r]esponses to motions for summary judgment may be served within twenty-eight days after service of the motion." The Staff Notes to the 2019 amendments explain that "[t]he provisions of Division (C)(1) supersede and replace the differing deadlines for responding to motions imposed by the numerous local rules of Ohio trial courts, thereby eliminating confusion and creating consistency by providing uniform statewide deadlines."

{¶29} Courts are permitted to adopt local rules of practice that are consistent with the Supreme Court's rules. Sup.R. 5(A)(1). The trial court's applicable local rule, effective March 19, 2021, contemplates a "non-oral," "non-appearing" hearing on summary judgment. It provides:

> In the event that a claimant files a motion for summary judgment under Civ.R. 56, *the court hereby fixes the day for non-oral non-appearing hearing on the motion as thirty-six days after the day the motion was filed*. Any brief, affidavit, or other evidentiary material in opposition to the motion shall be filed on or before the twenty-eighth day after the filing of the motion. Any brief, affidavit, or other evidentiary material in reply to the opposition shall be filed on or before the seventh day after the filing of the opposition. *No brief, affidavit or other evidentiary material shall be considered if not timely filed. The motion for summary judgment shall be deemed submitted for consideration and ruling on the thirty-sixth day. This rule is the only written notice the parties will receive of the submission deadlines or the day fixed for the hearing*.

(Emphasis added.) Lake C.P., Gen.Div., Loc.R. 3.04(G)(2).

Case No. 2025-L-091

{¶30} In this case, the trial court complied with the governing procedural requirements. Planet Home filed its motion for summary judgment on May 14, 2025. Its certificate of service indicates that it served Appellant with its motion by ordinary mail on the same date. Pursuant to the civil rules, Appellant was permitted to file an opposition by June 16, 2025, which he failed to do. *See* Civ.R. 56(C); Civ.R. 6(C)(1) and (D). Pursuant to the trial court's local rule, the non-oral, non-appearing hearing date was automatically fixed as June 19, 2025. The trial court granted Planet Home's motion for summary judgment on June 24, 2025, which was subsequent to both the opposition deadline and the fixed hearing date. Therefore, Appellant was given a fair opportunity to be heard; he simply failed to utilize that opportunity in a timely manner.

{¶31} In sum, there is no basis to find that the trial court violated Appellant's procedural due process rights in granting summary judgment to Planet Home. Accordingly, Appellant's first assignment of error is without merit.

**Motion to Vacate/Motion to Strike**

{¶32} We review Appellant's second and third assignments of error together.

{¶33} Appellant's second assignment of error states: "The trial court erred in denying Appellant's Motion to Vacate pursuant to Civ.R. 60(B) without adjudicating the substantive grounds raised."

{¶34} Appellant's third assignment of error states: "The trial court erred by accepting the Plaintiff's motion to strike instead of addressing the legal merits of Appellant's opposition and evidence."

{¶35} Appellant's assigned errors involve his motion to vacate and Planet Home's motion to strike. At the time Appellant filed his merit brief, however, the trial court had not

expressly ruled on those motions. The trial court subsequently denied those motions in its October 20, 2025 entry following this Court's remand. However, Appellant did not file a written submission, as ordered, indicating how he wished to proceed with his pending appeal. Appellant also did not seek leave to amend his notice of appeal to include the October 20, 2025 entry, *see* App.R. 3(F), or file a separate notice of appeal from that entry. *See* App.R. 3(A) and (D). Therefore, this Court lacks jurisdiction to consider Appellant's second and third assignments of error. *See Beavers v. Lors*, 2023-Ohio-3940, ¶ 48 (11th Dist.); *Wells Fargo Bank, N.A. v. Deel*, 2012-Ohio-3782, ¶ 6 (7th Dist.); *Brooks v. Merchant*, 2008-Ohio-932, ¶ 13 (8th Dist.).

{¶36} Accordingly, Appellant's second and third assignments of error are without merit.

**Standing/Holder In Due Course**

{¶37} Appellant's fourth assignment of error states: "The trial court erred by failing to require Plaintiff [Planet Home] to prove standing and holder-in-due-course status under O.R.C. § 1303.31."

{¶38} Appellant argues the trial court erred by granting summary judgment because Planet Home (1) "failed to demonstrate that it was a holder in due course under O.R.C. § 1303.31" and (2) "did not provide admissible evidence proving possession of the note or a valid assignment chain."

{¶39} We review a trial court's entry of summary judgment de novo, i.e., independently and without deference to the trial court's determination. *DelleCurti v. Fetty*, 2017-Ohio-7965, ¶ 13 (11th Dist.). The Supreme Court of Ohio has held that "even where the nonmoving party fails *completely* to respond to the motion, summary judgment is

Case No. 2025-L-091

improper unless reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party." (Emphasis in original.) *Morris v. Ohio Cas. Ins. Co.*, 35 Ohio St.3d 45, 47 (1988).

{¶40} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 1996-Ohio-107, ¶ 18. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. *Id*. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. *Id*. If the nonmoving party fails to do so, summary judgment, if appropriate, shall be entered against the nonmoving party. *Id*.

{¶41} We first address Appellant's standing argument. A plaintiff in a foreclosure action must have standing at the time it files the complaint in order to properly invoke the jurisdiction of the trial court. *Deutsche Bank Natl. Trust Co. as Trustee v. Ayers*, 2020-Ohio-1332, ¶ 72 (11th Dist.). Whether a plaintiff has standing to initiate a foreclosure action turns on whether it is a person entitled to enforce the instrument at issue. *PNC Bank v. Kereszturi*, 2015-Ohio-957, ¶ 19 (11th Dist.).

{¶42} R.C. 1303.31(A) identifies three classes of persons who are "'entitled to enforce' an instrument": (1) "[t]he holder of the instrument"; (2) "[a] nonholder in possession of the instrument who has the rights of a holder"; and (3) "[a] person not in possession of the instrument who is entitled to enforce the instrument pursuant to [R.C. 1303.38] or [1303.58(D)]." In this context, "holder" means "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is

Case No. 2025-L-091

the person in possession." R.C. 1301.201(B)(21)(a). "When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." R.C. 1303.25(B).

{¶43} In this case, Planet Home's authorized representative averred that Planet Home has possession of the note, that it had possession prior to filing its complaint, and that the note is indorsed in blank. The copy of the note attached as an exhibit to the representative's affidavit supports the latter averment. Therefore, Planet Home met its initial burden on summary judgment to establish standing. Appellant did not file a timely opposition to summary judgment; therefore, he did not meet his reciprocal burden to set forth specific facts showing there is a genuine issue for trial.

{¶44} We next address Appellant's "holder-in-due-course" argument. As stated, Appellant contends that Planet Home "failed to demonstrate that it was a holder in due course under O.R.C. § 1303.31." Despite Appellant's citation to R.C. 1303.31, that statute does not address a "holder in due course." As discussed above, R.C. 1303.31(A) defines "'[p]erson entitled to enforce' an instrument," which includes "[t]he *holder* of the instrument." (Emphasis added.) R.C. 1303.31(A)(1). By contrast, R.C. 1303.32(A) provides that "'holder in due course' means the holder of an instrument" under specific circumstances and subject to certain exceptions. In the event Appellant meant to use the term "holder," we have already rejected his argument.[1] In the event Appellant intentionally used the term "holder in due course," he has not articulated how that concept applies in this case; thus, he has not met his burden to affirmatively demonstrated error on appeal. *See Steuer Revocable Trust v. Strauss*, 2025-Ohio-2111, ¶ 21 (11th Dist.).

---

1. Notably, Appellant's Reply Brief asserts that Planet Home failed to demonstrate that it is "the current *holder* of the note and mortgage." (Emphasis added.)

Case No. 2025-L-091

{¶45} Accordingly, Appellant's fourth assignment of error is without merit.

{¶46} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.


EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-L-091

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against Appellant.

_____
JUDGE JOHN J. EKLUND

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---